Tilghman C. J.
The bill of exceptions in this case is founded on a survey for the heirs of William Plumsted deceased, which was offered in evidence by the plaintiff, and admitted by the Court of Common Pleas. The exception to it was, that there was no proof of any warrant or authority for making it. Before the survey was produced, the plaintiff had given in evidence eight warrants for fifty acres each, to William Plumsted, issued in the year 1750. Three of these warrants were for land in Hamilton township, dated 25th December 1750, and the other for lands in other townships.
*The survey in question was for two hundred forty-one and a quarter acres in Hamilton township, made and returned by John Armstrong deputy surveyor; but the return does not mention when the survey was made, or on what warrant or by what authority, nor did it appear at what time the return was made. The defendant gave evidence of a survey of 485 acres and 64 perches on a warrant to William Plumsted 25th December 1750, for fifty acres in Hamilton township, on which a patent was afterwards *176 issued to James Sloan, and he contends that the three warrants for lands in Hamilton township, given in evidence by the plaintiff, were in fact but triplicates of one and the same warrant, on which the survey was made and patents issued to Sloan; and as all the other warrants called for other townships, he infers that neither of them could be properly applied to the survey in question, which consequently being made without authority, ought not to have been admitted in evidence. This argument was very proper to urge to the jury, but does not prove that the survey ought not to have been received as evidence. Whether there was but one or three warrants for lands in Hamilton township, was a matter of fact of which the jury were to judge. Consequently they were to judge, whether the survey in question was made on either of those warrants. Besides, it was proper they should judge whether that survey might not have been made on some other of Plumsted’s warrants, for although those warrants did not call for Hamilton township, yet if a survey of land in that township had been made on either of them, and been returned and accepted by the officers of the proprietaries, it would have been very good. Although the return by John Armstrong, does not mention by what authority the survey was made, yet that does not vitiate it. There are many titles founded on such surveys. When the return was made to the office of the surveyor general, the authority for making the survey would be inquired into, and if found to be sufficient, it would be accepted and the title completed by a patent. It was proper that the plaintiff should have been permitted to give his survey in evidence, in order that he might have an opportunity of satisfying the jury, that it was made on one of the warrants which had been given in evidence before. If the court had rejected the evidence, they have taken on *themselves to decide the matter of fact in dispute, that is to say, whether either of Plumsted’s warrants was applicable to the plaintiff’s survey. I am of opinion, therefore, that the Court of Common Pleas were right in receiving the evidence, and that the judgment should be affirmed.
Ye ates J.
I fully agree, that it was a matter of fact to be decided by the jury, whether the survey made by John Armstrong the deputy surveyor was done by proper authority or not. Eight general warrants indescriptive of particular lands were shown in evidence, which might possibly justify the survey. Under these circumstances the survey was properly received in evidence. Whether the verdict *177 was correct or not, I say not; nor have we as a court of error the slightest shade of authority for setting aside the verdict of a jury as contrary to evidence.
Brackenridge J.
The principle is correct, that an authority to survey must precede, or the survey made must be ratified, to make it valid. It was a question of fact in this case whether there was an authority precedent, by the warrants shown, and therefore the survey ought to have been read that the jury might judge of it. Had there been no sort of warrant shown, on which the survey might have been made, the case would have been otherwise. The party would have been driven to show an acceptance in the office, or other evidence of ratification of what was done. In the case of a nonsuit the court may direct it where there is no evidence whatever; but where there is a scintilla of evidence it must go to the jury. So where evidence of one thing is necessary before evidence of another matter can be brought forward, the slightest first evidence may suffice to carry the second. Where there is no evidence whatever of the first, the second cannot go. The judgment of the Common Pleas must be affirmed.
Judgment affirmed.
[Cited in 10 S. & R. 327.]