The opinion of the court was delivered by
Tilghman, C. J.
This is an ejectment for a parcel of land in Perry county. On the trial in the Court of Common Pleas, three bills of exceptions, on points of evidence, were taken by the counsel for the plaintiff in error, who was also plaintiff below.
The 1st bill of exception was not insisted on, in the argument, and therefore I shall pass it over.
2d. The second exception was to the rejection of a certificate of a survey said to be made for Samuel Power, on the 4th May, 1769. Several objections were made to this evidence. First, that it appears on the face of the certificate, that about two lines of what had been written, was obliterated. This objection would not be sufficient to invalidate the evidence. The writing, such- as it is, is certified by the surveyor general to be a true copy of the original remaining in his office. The obliteration was in the original, and *327 the certified copy, (which is, in this respect a fac simile) is in conformity to it. The copy is evidence, although certainly in a case like the present, it would have been more satisfactory to the court and jury, to have seen the original. It was in the power, however, of the defendant to have produced the original, if he had thought proper. The plaintiff indeed offered to prove, by the oath of one of the clerks of the land office, that the obliteration was in the original exactly as in the copy. But this evidence the court very properly rejected, because, if the original was to be resorted to, it should have been produced, which would have been better than any parol evidence about it. But this evidence, however, was unnecessary on the part of the plaintiff, because he showed a copy certified according to law, which is good evidence by act of assembly. In all cases therefore, where either party thinks, that the production of the original is more for his advantage than a certified copy, it is his business to take a subpoena for the officer in whose custody it is, with a clause, of duces tecum, and thus the original may be had.
But there were other and stronger objections to the evidence of this survey. The returns of deputy surveyor generally recite the warrant or other authority under which the survey was made. This had been done in the present instance, by reference to two orders of survey, but that part of the return was obliterated after it was written, so that it stands, upon the face of the return, as a survey without any authority. It is true, itis not essential that the authority be recited in the return. It is sufficient if evidence is given, that ■there was an authority. So it was decided, in Sproul v. Plumsted’s Lessee, 4 Bin. 189. But in the present case, there was no evidence of any authority whatsoever; so that no legal ground was shown for the survey. It was said, by the plaintiff’s counsel, in his argument, that evidence was offered of the survey’s having •been accepted by the board of property, and the case must now be •taken, as if that evidence had been given. But I do not think so. For I find, on the record, that no such evidence was given. It was offered indeed, but the defendant’s counsel objected to it as illegal, and it seems to have been withdrawn, for there is no exception to its rejection. What the act of the board of property was, does not appear, so that we have nothing of it. I will not say what my opinion would have been, if there had been evidence of the acceptance of this survey by the board of property. But as the record stands, a certified copy of a return of survey was offered in evidence, without showing any authority formaking it, of any special act of acceptance; but resting on a presumption of acceptance, only from the circumstance of the paper being found in the office of the surveyor general. And what weakened even this presumption was, that the return was signed by nobody, although it was said, that the bodjr of it appeared to be of the handwriting of Samuel Lyon, a deputy surveyor under William M‘Clay. Under,all these cir *328 eumstances,Iagree with the Court of Common Pleas, that the paper was not evidence.
3. There was another exception to the opinion of the court on the rejection of a deed from Elizabeth Hale to Benjamin Jones, (the plaintiff.) This deed was in pursuance of an act of assembly passed the 1st March, 1815, by which the said Elizabeth Hale, guardian of the persons and estates of Mary Wood Hale, Thomas Hale, Elizabeth Hale, and Matthew Hale, minor children of Matthew Hale deceased, was authorized to sell and convey, all the right and interest of the said minors of and in, one undivided third part of certain lands in the said act of assembly mentioned; but before she proceeded to sell, she was to enter into a recognizance, with sufficient security, before the Orphans’ Court of the city and county of Philadelphia, conditioned for the faithful performance of the duties enjoined by that act, &e.
The plaintiff produced a certificate, under the seal of the Orphans’ Court, and the hand of their clerk, that'the court directed Elizabeth Hale, to give security in 800 dollars, for the faithful performance of her duties as enjoined by the act of assembly, which was done accordingly. But that was not sufficient. It is not for the clerk of the court to say, whether the act of assembly was complied with. A copy of the recognizance should have been given, with the approbation of the security by the Orphans’ Court. The certificate therefore was not evidence. But the plaintiff’s counsel endeavoured to support the evidence of the deed on other grounds. They said, that one of the minors, after he came of age, received from Elizabeth Hale, to whom the plaintiff had paid the whole purchase money, his full share of it, so that at all events he was estopped from controverting the deed. But of this there was no evidence: It appears by the record, that the defendant agreed to admit a certain affidavit as evidence, on certain conditions. - It is this affidavit, on which the plaintiff’s counsel rely, for proof of the receipt of the money by one of the children, after he came of age. But the conditions on which it was agreed to admit the affidavit, were not complied with; and therefore it was not evidence, and wc can take no notice of it. In the last place, the plaintiff’s counsel contended that the deed was evidence, because it conveyed the right of Elizabeth Hale, personally, independently of the right of the minor children. But that does not appear to be the case. For although Elizabeth Hale might have been entitled to her dower in the land, yet there is nothing in the deed which looks like a conveyance of any thing but the right of the minors. The deed is carefully drawn, and conveys the right, &c. of the said Elizabeth Hale guardian as aforesaid, as well as of the said minors. Besides, even if the right of dower had been intended to be conveyed, no dower having ever been assigned, there could be no recovery in ejectment by virtue of the right of dower, and therefore any evidence of the conveyance of such right, would have been ir~ *329 relevant, in this action. I have gone through all the errors, assigned in the case, and 'am of opinion that none of them have been supported and therefore the judgment should be affirmed.
Judgment affirmed.